UNITED STATES DISTRICT COURT 
 FOR THE WESTERN DISTRICT OF TENNESSEE 
 EASTERN DIVISION 
______________________________________________________________________________ 

IN RE: AME CHURCH EMPLOYEE 
RETIREMENT FUND LITIGATION No. 1:22-md-03035-STA-jay 
 ALL CASES 
______________________________________________________________________________ 
 ORDER PARTIALLY GRANTING DAY AND NIGHT SOLAR, LLC’S 
 MOTION TO MODIFY SCHEDULING ORDER (ECF NO. 765) 
______________________________________________________________________________ 
This matter comes before the Court upon the motion of Defendant Day and Night Solar, 
LLC to modify the scheduling order previously entered in this matter. (ECF No. 765.) Defendant 
seeks to be allowed to depose three Plaintiffs who were present during the deposition of Day and 
Night Solar’s 30(b)(6) representative on February 3, 2025, and an unidentified representative on 
behalf of all Plaintiffs to inquire about any factual knowledge to support the allegations against it. 
Defendant also asks the Court to require Plaintiffs to respond to interrogatories and requests for 
production of documents that were propounded on February 4, 2025. Additionally, Defendant 
wants copies of Plaintiffs’ previous answers to interrogatories, responses to requests for production 
of documents, and documents that have already been produced to other defendants. Plaintiffs have 
responded in opposition to the motion. (ECF No. 780.) 
Defendant acknowledges that the Court previously denied its motion for a scheduling 
conference - although the Court did state that Defendant could seek to modify specific deadlines 
in another motion. (ECF No. 728). The Court explained that, even though Defendant was added 
as a party in September 2024, it allegedly “is an entity that is owned, operated, and/or controlled 
by Defendant Robert Eaton and is organized under the laws of Illinois. Defendant Day and Night 
Solar was used by Defendant Eaton to divert plan assets to enrich himself as described below.” 
(2d Amd. Cmplt, para. 68, ECF No. 493.) The Court also pointed out that other allegations indicate 
that Eaton was not just a passive member or investor but actually directed Defendant’s operations 
as its manager and the majority member.1 Robert Eaton has been a defendant in this matter since 
the filing of the first amended complaint on August 19, 2022. (ECF No. 74.) Although Defendant 
and Eaton are represented by different attorneys, presumably some of their interests overlap, and 

information can be shared by their attorneys. Those same considerations play a part in the Court’s 
decision as to the present motion. 
The Court previously instructed Defendant that, in seeking to extend any deadlines, it must 
be mindful of the admonitions of Fed. R. Civ. P. 26(b)(1) which provides that, in general, the scope 
of discovery extends to nonprivileged information that is relevant to any party’s claim or defense, 
regardless of whether the information sought is admissible, that is “proportional to the needs of 
the case.” Fed. R. Civ. P. 26(b)(1). The following factors are relevant to a consideration of whether 
the scope of discovery is proportional: (1) the importance of the issues at stake in the action; (2) 
the amount in controversy; (3) the parties’ relative access to relevant information; (4) the parties’ 

resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden 
or expense of the proposed discovery outweighs its likely benefit. Id. Furthermore, any motion to 
extend the discovery deadline must be made within a reasonable time. 
Although Plaintiffs assert that the present motion was not made within a reasonable time, 
the Court finds otherwise. However, the Court also instructed Defendant that, if it wished to take 
any depositions, it must specify the names of those to be deposed and a timeframe in which to do 
so. It appears that Defendant has failed to set out a timeframe for its present discovery requests. 

1 The Court continues to be mindful that these are merely allegations. 
Plaintiffs’ response reiterates that Defendant Eaton is Day and Night Solar’s majority 
owner and managing member, and he has been a named defendant actively participating in the 
litigation for almost three years; accordingly, he has access to all the discovery that Defendant is 
seeking in the present motion. Plaintiffs correctly point out that Eaton received the pleading adding 
Day and Night Solar as a defendant on June 14, 2024, and Day and Night Solar was formally 

served on September 5, 2024 - and yet, Day and Night Solar has not explained why it waited over 
six months after it was served to file this motion. Magistrate Judge Jon York extended the fact 
discovery deadline to January 31, to allow for the parties to complete the depositions, but 
Defendant waited until after that deadline had lapsed to ask for additional discovery. 
Plaintiffs have succinctly set out the relevant timetable as follows. 
Day and Night Solar filed this most recent motion on March 17, 97 days after its 
attorneys noticed their appearances and 193 days after Day and Night Solar was 
served with Plaintiffs’ Second Consolidated Amended Complaint. In both this and 
its previous motions for a scheduling conference, Day and Night Solar has made 
much about the fact that its attorneys only noticed their appearances on December 
10, 2024. In this motion, Day and Night Solar’s counsel stated: “Since appearing 
in this case, defense counsel has had an enormous amount of information to digest 
and analyze in order to properly understand the issues of liability against Day and 
Night Solar as well responding to Plaintiff’s discovery requests.” The implication 
is that Day and Night Solar’s counsel had no opportunity to absorb and analyze the 
issues before they made an appearance. 

However, Day and Night Solar’s counsel omits that they filed Day and Night 
Solar’s Answer to Plaintiffs’ Second Consolidated Amended Complaint on 
December 11— the day after they noticed their appearances. The Answer is 148 
pages long with 16 affirmative defenses and 872 discrete responses to each 
paragraph in Plaintiffs’ Second Consolidated Amended Complaint. Day and Night 
Solar’s counsel next filed Day and Night Solar’s 79-page Answer to the AMEC 
Defendants’ Amended Cross Claim and Third-Party Complaint on December 18. 
In total, Day and Night Solar’s counsel filed 227 pages of responsive pleadings 
within one week of entering their appearances. 
These Answers were not prepared overnight, nor could they have been when 
considering the applicable ethical and professional standards. Day and Night Solar 
admitted dozens of Plaintiffs’ allegations, denied dozens more, and contended that 
it lacked sufficient information to respond to others and therefore denied hundreds 
more. Fed. R. Civ. Pro. Rule 8(b) requires parties to have a good faith basis for their 
denials. Fed. R. Civ. Pro. Rule 11(b) provides that by presenting signed pleadings 
to a court attorneys certify that to the best of their “knowledge, information, and 
belief, formed after an inquiry reasonable under the circumstances . . . the denials 
of factual contentions are warranted on the evidence or, if specifically so identified, 
are reasonably based on belief or a lack of information.” That type of inquiry cannot 
happen in one day. 
(Resp. pp. 3-5 (record citations, footnote, and emphasis omitted)). The Court agrees with 
Plaintiffs’ assessment. Defendant’s counsel must have had access to information in this matter to 
prepare its answer, and it is reasonable to conclude that the information was made available to 
Defendant by its manager and majority member, Robert Eaton. 
As for the portion of the motion seeking to extend the deadline for depositions, the Court 
agrees with Plaintiffs that Day and Night Solar has not articulated what it wants out of the 
depositions of the three named Plaintiffs (who have already been deposed), nor has it explained 
what it would ask those Plaintiffs that they were not already asked in previous depositions. Day 
and Night Solar has also offered no reason why the benefit of additional depositions would 
outweigh the burden of requiring these three Plaintiffs to be re-deposed, and, therefore, it has failed 
to overcome the proportionality standard. “Generally, courts disfavor repeat depositions absent a 
showing of a need or good reason.” Bilderback v. Barnhart Crane and Rigging, 2007 WL 9711095 
(W.D. Tenn. Nov. 14, 2007) (denying a defendant’s attempt to take a second deposition of a 
plaintiff when the defendant failed to articulate any need or good reason for the second deposition). 
Plaintiffs object to Defendant’s request for a representative deposition concerning 
Plaintiffs’ damages claims, as well as certain other allegations in the complaint. Plaintiffs point 
out that they served their expert reports on the issue of damages on January 31, 2025. As for 
information about Eaton and his business dealings that Defendant seeks to obtain from this 
“representative,” Plaintiffs correctly state that the way that Eaton allegedly used Plan assets to 
enrich himself has been at issue from the first complaint, and the parties have explored that issue 
in written discovery and depositions. Day and Night Solar has not explained what additional 
information could be obtained from deposing a representative. 
Although the Court agrees with Plaintiffs that the documents that Defendant seeks (copies 
of Plaintiffs’ previous answers to interrogatories, responses to requests for production of 
Documents, and documents that have already been produced to other defendants) could be 

obtained by Defendant from Eaton, Plaintiffs should have relatively easy access to these 
documents in order to make copies for Defendant. The Court finds that this portion of the motion 
should be granted because the likely benefit to Defendant outweighs the burden and expense to 
Plaintiffs. These documents must be produced to Defendant by Plaintiffs within twenty-eight (28) 
days of the entry of this order. 
The Court also finds that Plaintiffs must respond to the already propounded interrogatories 
and requests for production of documents. Plaintiffs have a valid argument that the requests were 
made too late. However, Plaintiffs’ answers may help resolve this matter in a more timely and 
efficient manner. Plaintiffs must produce its answers and documents within twenty-eight (28) days 

of the entry of this order. 
IT IS SO ORDERED. 
 s/ S. Thomas Anderson 
 S. THOMAS ANDERSON 
 UNITED STATES DISTRICT JUDGE 
 Date: April 1, 2025